**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 29, 2014

**BY ECF**
The Honorable Victor Marrero
United States District Judge
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:    United States of America v. Ken Giles
                12 Cr. 935 (VM)

Dear Judge Marrero:

      The Government writes in advance of the sentencing of Ken Giles, the defendant, which is currently scheduled for May 30, 2014 at 11:00 a.m., and in response to the defendant's sentencing submission of May 27, 2014. The Government respectfully submits that a sentence within the advisory Guidelines range would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

      On January 21, 2014, the defendant pled guilty to one-count of conspiring to commit immigration fraud, in violation of Title 18, United States Code, Section 371. The defendant pled guilty pursuant to a plea agreement, which contained a stipulated Guidelines range of 30 to 37 months' imprisonment. A sentence falling within the advisory Guidelines range is appropriate given the circumstances of the offense and the history and characteristics of the defendant.

      A.    <u>Defendant's Offense Conduct</u>

      The defendant was an immigration lawyer who specialized in representing people seeking asylum. In or about 2004, the defendant opened his own law firm, the Law Offices of Ken Giles, and for approximately five years, from 2007 – 2012, the defendant's firm operated as an immigration fraud mill. The defendant's firm filed fraudulent asylum applications for its clients, claiming they had suffered persecution in their home country when they had not. Although the defendant did not write the applicants' stories of persecution himself, he played one of the most important roles in the entire scheme, he represented them in court. If an asylum applicant fails to convince an Immigration Official at their asylum interview that they deserve asylum, their case is referred to an Immigration Judge for a hearing. At the hearing, the applicant gets a chance to present evidence to a judge to prove why he or she deserves asylum.

The defendant's job was to convince the judge that his client's story was true when it was not. This primarily involved preparing his clients to lie on the witness stand at their hearing. The defendant's role in the scheme was extremely important because if the judge did not believe his client's lies, his or her application would likely be denied.

          B.          <u>Defendant's History and Characteristics</u>

The defendant continued to file fraudulent asylum applications even after being arrested in the instant matter. This fact can be considered in sentencing the defendant as it relates to his history and characteristics under Tile 18, United States Code, Section 3553(a). Giles was arrested for the crimes charged in the Indictment on or about December 18, 2012. Nevertheless, in 2013, the New York Asylum Office received at least ten asylum applications filed by the defendant and his law firm that clearly contain false stories of persecution.[1] The fraudulent nature of many of these applications is evident on their face. The asylum "stories" contained in the applications are so blatantly similar that it is clear that they cannot be true. For example, nearly all of the applicants, who are Sri Lankan Nationals, claimed the following: (1) that they were tortured by the Sri Lankan Army because of a perceived affiliation with a separatist militant organization known as the Liberation Tigers of Tamil Elam; (2) that they were released from the custody of the Sri Lankan Army after paying them a bribe; (3) that after being released from the custody of the army, the army told them that they would have to report to them periodically; (4) that they ended up not reporting to the army and the army came looking for them; and (5) that they eventually fled to the United States.

Even more significant than the overlapping basic elements of the story are the identical details and verbatim language that appears in multiple applications. For instance, an application filed on August 26, 2013, states the following in reference to treatment the applicant received from the Sri Lankan Army, "They squeezed my testicles and I collapsed as I couldn't breathe because of the pain." Similarly, an application submitted less than one month later, on September 18, 2013 states, "They squeezed my testicles and I collapsed as I couldn't breathe." The August 26, 2013 application also states, in reference to abuse the applicant received from the army, "They sprayed water on my face, gave me my clothes and ordered me to get dressed." Likewise, the September 18, 2013 application states, "They sprayed water on my face and ordered me to get dressed." In discussing the length of the mistreatment an applicant received from the Sri Lankan Army, an applicant who submitted an application on May 14, 2013 stated, "They locked me in a cell after about two hours of mistreatment." Similarly, an applicant who submitted an application on September 30, 2013 stated, "They locked me in a cell after about two hours of beating and mistreatment."

\* \* \*

Accordingly, given the nature of the defendant's conduct and his history and

---

[1] The applications are attached to this submission as Exhibits 1-10.

characteristics, the Government respectfully submits that a Guidelines sentence is required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

                              Sincerely,

                              PREET BHARARA
                              United States Attorney

                              By: _____/s/_____
cc:    Joel M. Stein, Esq.               Robert L. Boone
                              Assistant United States Attorney
                              Southern District of New York
                              (212) 637-2208